# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00240-CV

---

**N. M., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
NO. 18-1038, THE HONORABLE MELISSA MCCLENAHAN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from the termination of the parent-child relationship between N.M. and her two children A.M. and M.M.[1]  N.M. contends that the evidence was insufficient to support the termination of her parental rights and the appointment of the Department of Family and Protective Services (the Department) as permanent managing conservator for A.M. and M.M. because the Department did not present a qualified expert witness as required by the Indian Child Welfare Act (ICWA).  *See* 25 U.S.C.A. § 1912.  Because we conclude that the evidence is legally insufficient, we reverse the portions of the district court's judgment terminating N.M.'s parental rights and appointing the Department as permanent managing conservator and remand for further proceedings.

---

[1]   We use aliases to refer to the minors and the mother to protect the minors' confidentiality.  *See* Tex. R. App. P. 9.8(a), (b).

# BACKGROUND

The Department on May 9, 2018, filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in a Suit Affecting the Parent-Child Relationship, regarding the children A.M. and M.M., age 10 and 8, respectively, at time of filing. The petition sought to terminate the parent-child relationship of N.M. and the children's father[2] and stated that each child was "Reported as an Indian Child by a parent or other person." The Department's affidavit in support of removal stated regarding the ICWA that N.M. and her children describe their tribal connection as being with the Potawatomi Tribe. The district court issued Temporary Orders on May 23, 2018, which state in relevant part, "ICWA has been ruled out as to the Respondent Mother [N.M.] [and] . . . ICWA has been confirmed as to the Respondent Father."

The Department on June 18, 2018, issued "NOTICE OF PENDING CUSTODY PROCEEDING INVOLVING INDIAN CHILDREN" to the Citizen Potawatomi Nation, Shawnee, Oklahoma. The Citizen Potawatomi Tribal enrollment office sent a letter to the district court, confirming that the children's father was an enrolled member with the Citizen Potawatomi Nation and "1/64th degree of Citizen Potawatomi Nation blood" and that the children were direct descendants of the Citizen Potawatomi Nation. The Citizen Potawatomi Nation on July 5, 2018, filed an "Entry of Appearance," in accordance with the ICWA, *see* 25 U.S.C.A. § 1911(c), pleading that the Citizen Potawatomi Nation is a federally recognized Indian Tribe; that the children, A.M. and M.M., were direct descendants of the Citizen Potawatomi Nation; and that their father was on the tribal roll and an enrolled member of the Citizen Potawatomi Nation.

---

[2] The father did not appeal the termination of his parental rights.

The State called the following witnesses: (1) Nathaniel Choate, Family Based Safety Services worker who testified regarding the intake of the case as the on-call investigator; (2) Ashley Hernandez, caseworker for the Department and courtesy worker for N.M., whose duties were to help her with her family service plan, set up her services, and check her home environment and its appropriateness for the children; (3) the children's maternal aunt, who testified about the placement of the children in her home on and after October 26, 2018, N.M.'s visitation with the children and the children's relationship with her, and her plans for the children; and (4) Victoria Davis, the Department's caseworker who testified regarding the Department's family service plan, and recommended that N.M.'s rights be terminated and that such termination was in the children's best interests.

Documentary evidence also was admitted, including the Department's family service plan; business records affidavit showing positive drug testing results for methamphetamine and amphetamine in October 2018 and November 2018; an Acknowledgment of Substance Use by N.M. for marijuana and methamphetamine before May 2018; the Department's Notice of Pending Custody Proceeding Involving Indian Children; and the Entry of Appearance by Janet Draper, Indian Child Welfare Director for the Citizen Potawatomi Nation.

After all parties rested, the associate judge on March 20, 2019, orally pronounced judgment terminating N.M.'s parental rights. On March 27, 2019, the associate judge signed an Order of Termination terminating N.M.'s parental rights to both children on the grounds orally pronounced. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (N), (O). The district court approved and signed the associate judge's report on March 29, 2019, and issued its judgment terminating N.M.'s parental rights and appointing the Department as permanent managing conservator for

A.M. and M.M. The district court also made findings that A.M. and M.M. "are . . . Indian Child[ren] within the meaning of the Indian Child Welfare Act."

N.M. appeals the district court's judgment.

## DISCUSSION

### Sufficiency of the Evidence

In her sole issue on appeal, N.M. argues that the evidence is insufficient to terminate her parental rights because no testimony from a qualified expert witness was presented at trial. Accordingly, N.M. contends that this Court must reverse the portion of the judgment pertaining to her parental rights, and the Department agrees. Because no testimony from a qualified expert was presented at trial, N.M. also argues that the evidence is insufficient to support the appointment of the Department as permanent managing conservator for M.M. and A.M.

The ICWA enacted in 1978 preempts state law in the area of child custody proceedings. 25 U.S.C.A. §§ 1901-1903. Congress, in the ICWA, defined "child custody proceedings" to mean foster care placement, termination of parental rights, preadoptive placement, and adoptive placement. *See id.* § 1903; *see also* Tex. Fam. Code § 162.015 (providing regarding adoptions, "In determining the best interest of the child, the court may not deny or delay the adoption or otherwise discriminate on the basis of race or ethnicity of the child or the prospective adoptive parents. . . . This section does not apply to a person, entity, tribe, organization, or child custody proceeding subject to the" ICWA).

The ICWA provides that "No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable

4

doubt, *including testimony of qualified expert witnesses*, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." 25 U.S.C.A § 1912(f) (emphasis added). Similarly, the ICWA states that "[n]o foster care placement may be ordered in such proceeding in the absence of a determination, supported by clear and convincing evidence, *including testimony of qualified expert witnesses*, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." *Id.* § 1912(e) (emphasis added).

N.M. alleges "there was legally and/or factually insufficient evidence presented at trial" as required by the ICWA to support the district court's findings and judgment that her rights be terminated.[3] The Department responds that "testimony from a qualified expert witness was not presented at the termination trial as required by the ICWA, and that this failure constitutes reversible error."

Just prior to the filing of the instant case, this Court decided the same issue presented here. *See S.P. v. Texas Dep't of Family & Protective Servs.*, No. 03-17-00698-CV, 2018 WL 1220895 (Tex. App.—Austin Mar. 9, 2018, no pet.) (mem. op.). This Court held in *S.P.* that where "the record does not contain the statutorily required qualified-expert testimony" under section 1912 of the ICWA, then "the evidence is legally insufficient to meet the standard of proof" required by the ICWA. *Id.* at *4; *see also* Bureau of Indian Affairs Guidelines for

---

[3] Although N.M. includes a challenge to the factual sufficiency of the evidence in her appellate briefing, this Court has previously explained that "it is unclear whether factual sufficiency review is available in civil cases in which the standard of proof is beyond a reasonable doubt." *See S.P. v. Texas Dep't of Family & Protective Servs.*, No. 03-17-00698-CV, 2018 WL 1220895, at *2 n.5 (Tex. App.—Austin Mar. 9, 2018, no pet.) (mem. op.) (citing *In re K.S.*, 448 S.W.3d 521, 539 (Tex. App.—Tyler 2014, pet. denied)). In any event, given our ultimate resolution that the evidence is legally insufficient, we need not reach the issue of whether the evidence is also factually insufficient. *See J.M. v. State*, 178 S.W.3d 185, 197 n.10 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

State Courts and Agencies in Indian Child Custody Proceedings, 80 Fed. Reg. 10146-02, 10147, 10157 (Feb. 25, 2015) (discussing who may qualify as expert witness). This Court noted that "because the applicable burden of proof under the ICWA is beyond a reasonable doubt, we must apply a heightened standard of review." *S.P.*, 2018 WL 1220895, at *3.

Like this Court in *S.P.*, some of our sister appellate courts have reversed the termination of parental rights based on lack of qualified expert testimony. *See In re V.L.R.*, 507 S.W.3d 788, 795, 798 (Tex. App.—El Paso 2015, no pet.); *Doty-Jabbaar v. Dallas Cty. Child Protective Servs.*, 19 S.W.3d 870, 876-78 (Tex. App.—Dallas 2000, pet. denied). *But see In re D.E.D.I.*, 568 S.W.3d 261, 264 (Tex. App.—Eastland 2019, no pet.) (affirming termination where appellate court concluded that "trial court could have determined" that tribal representative met qualified expert requirements not strictly following Bureau of Indian Affairs guidelines).

In this case, the record is clear and undisputed that the termination proceedings were subject to the ICWA. Additionally, the record does not reflect that any of the witnesses were designated, called, or testified as "qualified expert witnesses." Accordingly, the ICWA's expert requirements were not met in this case. Therefore, consistent with our holding in *S.P.*, we conclude that the evidence is legally insufficient to support the portion of the district court's order terminating N.M.'s parental rights.

Additionally, as set out above, the ICWA requires testimony from a qualified expert witness before foster-care placement may be ordered. 25 U.S.C.A. § 1912(e). When the Department was appointed as permanent managing conservator for M.M. and A.M., the Department was given "the right to designate the primary residence of the" children, *see* Tex. Fam. Code § 153.371(10), including the placement of the children in foster care, *see*

6

*id.* § 101.0133 (explaining that "'[f]oster care' means the placement of a child who is in the conservatorship of the Department of Family and Protective Services and in care outside the child's home in a residential child-care facility"). Because no expert testimony was presented at trial regarding potential foster-care placement, we must also conclude that the evidence was legally insufficient to support the portion of the district court's judgment appointing the Department as permanent managing conservator for A.M. and M.M. *Cf. In re D.L.N.G.*, No. 05-19-00206-CV, 2019 WL 3214151, at \*3, \*5 (Tex. App.—Dallas July 17, 2019, no pet.) (mem. op.) (concluding that "the trial court failed to comply with the ICWA requirement of 'qualified expert testimony' before appointing the foster parents as" permanent managing conservators, reversing "the trial court's final order in suit affecting the parent-child relationship," and remanding "for further proceedings" (citing *S.P.*, 2018 WL 1220895, at \*3-4)).

For these reasons, we sustain N.M.'s issue on appeal.

**Disposition**

In her prayer for relief, N.M. argues that in the event that we determine that the evidence is legally insufficient to support the termination of her parental rights and the appointment of the Department as permanent managing conservator, we should reverse the relevant portions of the district court's judgment and "render judgment that [the Department] take nothing." In contrast, the Department urges that a remand is the appropriate remedy.

We were presented with a similar question regarding the appropriate disposition in *S.P.* Specifically, this Court observed that "[w]hen reversing a trial court's judgment, an appellate court must render the judgment that the trial court should have rendered, *except when* (1) remand is necessary for further proceedings or (2) the interests of justice require a remand for

7

another trial." 2018 WL 1220895, at *5 (citing Tex. R. App. P. 43.3) (emphasis added). Further, this Court concluded "that the interests of justice require that we remand the cause to the trial court for proceedings consistent with this opinion" because the circumstances surrounding the parent-child relationship may have changed in the time following the trial court's ruling. *Id.*; *see also Van Heerden v. Van Heerden*, 321 S.W.3d 869, 874-75 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (observing that "in cases involving involuntary termination of parental rights . . . appellate courts are 'not in a position to determine whether simply to deny the petition for termination or render some other order in the best interest of the child'" (quoting *In re C.M.C.*, 273 S.W.3d 862, 882 n.13 (Tex. App.—Houston [14th Dist.] 2008, no pet.))). Given the similarity between this case and *S.P.*, we believe that the interests of justice also require that we remand this case—not render judgment—to allow the district court to conduct further proceedings consistent with this opinion. *Cf. Williams v. Williams*, 150 S.W.3d 436, 452 (Tex. App.—Austin 2004, pet. denied) (recognizing that conclusion that evidence is legally insufficient generally warrants rendering "judgment in favor of the party bringing the point of error" but determining that interests of justice can result in case being remanded for further proceedings); *see also* Tex. R. App. P. 43.2(d) (specifying that courts of appeals may reverse and remand for further proceedings).

## CONCLUSION

Having sustained N.M.'s issue on appeal, we reverse the portions of the district court's judgment terminating her parental rights and appointing the Department as permanent managing conservator for A.M. and M.M. and remand for further proceedings consistent with this opinion. If a new trial is held, we instruct the district court to commence the trial no later

than 180 days after the mandate is issued by this Court.  *See* Tex. R. App. P. 28.4(c).

We otherwise affirm the judgment of the district court.[4]

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed in Part; Reversed and Remanded in Part

Filed:   September 26, 2019

---

[4] As mentioned earlier, the district court also terminated the father's parental rights, and he has not appealed that determination.  Accordingly, we do not disturb the remaining portions of the district court's judgment.