

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-22-00030-CV

IN THE INTEREST OF T.W., B.S., H.S., AND H.W., CHILDREN

On Appeal from the 223th District Court
Gray County, Texas,
Trial Court No. 40,156, Honorable Jack M. Graham, Presiding

June 24, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

In a termination suit involving four children, T.W., B.S., H.S., and H.W., Appellant, Z.S. (Father) appeals "from all portions of the Judgment" that terminated his parental rights to B.S., H.S. and H.W.[1] Father is a member of the Chickasaw Nation, and B.S., H.S., and H.W. are Indian Children within the meaning of the Indian Child Welfare Act

[1] To protect the privacy of the children, we refer to the parties by their initials. See Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b). T.W.'s father, B.M., voluntarily relinquished his parental rights to T.W. A.W., the children's mother, voluntarily relinquished her parental rights to T.W., B.S., H.S., and H.W. Neither B.M. nor A.W. appealed the final order. We therefore do not disturb those portions of the judgment. See Doty-Jabbaar v. Dallas County Protective Service, 19 S.W.3d 870, 878 n.3 (Tex. App.—Dallas 2000, no pet.).

(ICWA).[2] In a Texas termination proceeding where the ICWA is applicable, the Department must prove grounds for termination under the Texas Family Code by clear and convincing evidence; *see* §§ 161.001(b)(1), 161.206(a), and satisfy the grounds for termination under the ICWA, which requires proof beyond a reasonable doubt. *See* 25 U.S.C. § 1912(f) (1978); *In re J.L.C.*, 582 S.W.3d 421, 429 (Tex. App.—Amarillo 2018, pet. denied).

Father does not appeal the portion of the trial court's final order finding by clear and convincing evidence that he violated section 161.001(D), (E), (N), (O), (Q) of the Texas Family Code or that termination is in the children's best interest. Instead, Father asserts the trial court erred by finding the evidence was sufficient to prove beyond a reasonable doubt that the Department: (1) made active efforts to provide remedial services and rehabilitation programs designed to prevent the breakup of an Indian family under the ICWA,[3] and/or (2) adduced evidence from a qualified expert witness that the continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child.[4] Because the Department failed to meet its burden to

---

[2] *See* 25 U.S.C. § 1901–1963 (1978). We note that portions of the ICWA were recently declared unconstitutional by a United States Court of Appeals for the Fifth Circuit, and *certiorari* was granted by the United States Supreme Court. *Brackeen v. Haaland*, 994 F.3d 249 (5th Cir. 2021), *cert. granted*, 14 S. Ct. 1205, 212 L. Ed. 2d 215 (U.S. Feb. 28, 2022). However, because the constitutionality of the ICWA was not challenged or addressed in the trial court below, we do not reach any issue related to the constitutionality of the ICWA in this appeal. Nor is this Court's opinion intended to express any opinion as to the issues before the Supreme Court in *Brackeen* or the constitutionality of the ICWA. *See In re D.E.D.L.*, 568 S.W.3d 261, 262 n.1 (Tex. App.—Eastland 2019, no pet.); *In re A.H.*, No. 02-21-00402-CV, 2022 Tex. App. LEXIS 3633, at *18 (Tex. App.—Fort Worth May 26, 2022, no pet. h.).

[3] See 25 U.S.C. § 1912(d).

[4] *See* 25. U.S.C. § 1912 (f).

present sufficient evidence as to the second issue, we reverse the portion of the trial court's judgment terminating Father's parental rights to B.S., H.S., and H.W.

In November 2020, the Department filed its original petition seeking to terminate Father's parental rights and a determination whether his children were of Native American heritage. The Department's affidavit indicated the children's mother was arrested for a drug possession charge while leaving the children with a known drug user. Father was in an Oklahoma jail charged with attempted murder. He was eventually convicted of manslaughter and sentenced to prison, where he remained through the final hearing. Both parents had a history with CPS.

In July 2021, the Chickasaw Nation intervened in the proceedings after a determination that Father was an "enrolled citizen" in the tribe and that the children qualified as "Indian Children" under the ICWA. In January 2022, the trial court held its final hearing. After the Department rested its case-in-chief, Father took the stand to present evidence. After Father rested, the Department announced it closed. Teresa L. Hyer,[5] appointed representative of Chickasaw Nation Child Welfare Services, then told the court that "if you're moving toward termination, I believe you'll need my testimony also." The trial court invited Hyer to the stand, who then testified to the following, in relevant part:

Q.      Ms. Hire, how—first of all, what is your position?

A.      I am the Chickasaw Nation child welfare permanency worker for the children. We work with our Native American children to make sure that ICWA is complied with.

* * *

---

[5] The record interchangeably spells the last name as "Hyer" and "Hire."

3

Q.      You've been involved in this case for the last year?

A.      No, sir.  Actually I was transferred the case I—I can give you the exact date, the case was transferred to me, August of 2021.

* * *

Q.      And do you have an opinion today as to whether the Chickasaw Nation is asking to take possession of these children under ICWA?

A.      No, sir, we are not.

Q.      Are there any other facts that the Court needs to know that you're aware of, that we need to discuss with him?

A.      The main concern for us would be active efforts being made on [the Father's] part to reunify.  But given the history of the case, the amount of time the kids have been in care, and just the history, and then the lack of [the Father] reaching out to people as he should, we believe there is good cause to deviate from ICWA compliance today.

Q.      So, is it your position that it would be in the best interest of the three children that we're concerned with, for [the Father's] parental rights to be terminated, at this time?

A.      Yes, sir.

STATE:  I'll pass the witness, Your Honor.

THE COURT:  All right.  Ms. Hyer, as far as your position, are you considered to be an expert when you're testifying as far as ICWA law?

A.      Yes.

THE COURT:  For the Chickasaw Nation?

A.      Yes, sir, I am.

The trial court signed an order terminating Father's parental rights to B.S., H.S., and H.W.  In the order, the court found the Department had satisfied its burden under the ICWA to prove beyond a reasonable doubt, including testimony from a qualified expert witness, that continued custody of the children by Father is likely to result in serious emotional or physical damage to the child.  *See* 25 U.S.C. § 1912 (f).  This appeal followed.

4

Because we find that Father's complaint about insufficient evidence from a qualified expert witness is dispositive, our analysis begins with Father's second issue. When we review the sufficiency of evidence pursuant to the ICWA burden of proof requirements, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the requirements of section 1912 were satisfied beyond a reasonable doubt. *In re J.L.C.*, 582 S.W.3d at 433–34 (citing *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)). *See also In re V.L.R.*, 507 S.W.3d 788, 795 (Tex. App.—El Paso 2015, no pet.) (applying *Jackson* standard); *In re K.S.*, 448 S.W.3d 521, 539 (Tyler 2014, pet. denied) (same). In conducting a legal sufficiency review, we consider all the evidence, not just the evidence favoring the court's decision. *See In re K.S.*, 448 S.W.3d at 539. This standard gives play to the responsibility of the trier of fact to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts. *In re J.L.C.,* 582 S.W.3d at 434 (citing *Jackson*, 443 U.S. at 319).

> Section 1912(f) of the ICWA states:
>
> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, *including testimony of qualified expert witnesses*, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C. § 1912(f) (emphasis added). The phrase, "including testimony of qualified expert witnesses," means the expert witness testimony must support the finding that

5

continued custody of the child by Father is likely to result in physical or emotional damage to the child. *See In re K.S.*, 448 S.W.3d at 539.

Assuming, without deciding, that Hyer testified as a "qualified expert witness" under the ICWA given her responses to the trial court's questions,[6] we nevertheless find that Hyer did not offer any testimony supporting the trial court's determination that continued custody of the child by Father was likely to result in serious emotional or physical damage to the children. Other than identifying her role in the case and confirming that the Chickasaw Nation is not seeking possession of the children, Hyer merely concluded (1) there is good cause "to deviate from ICWA compliance," and (2) termination of Father's rights is in the three children's best interests. Noticeably absent from Hyer's testimony is any discussion of the children's emotional or physical health, or how Father's continued possession and access to the children would result in physical or emotional damage to the children. Hence, the Department failed to produce the kind of competent evidence expressly required under the ICWA and which was necessary to support the trial court's findings. We therefore conclude that the evidence is legally insufficient to meet the standard of proof under section 1912(f). *See In re V.L.R.*, 507 S.W.3d at 797.

Because we sustain Father's third issue on the basis of legally insufficient evidence, we do not reach Father's remaining issues and alternative grounds. *See* TEX. R. APP. P. 47.1 (opinion should be as brief as practicable and address every issue necessary to final disposition of appeal). Father's brief prays that "his children be

---

[6] *See In re D.L.N.G.*, No. 05-19-00206-CV, 2019 Tex. App. LEXIS 6099, at 9–12 (Tex. App.—Dallas 2019, no pet.) (absent any facts to establish background, education or tribal position, tribal representative does not qualify as a "qualified expert witness" under the ICWA).

6

immediately returned to him or, in the alternative, the judgment and order of termination of the trial court be reversed and remanded for new trial." As the record reflects that Father is incarcerated, we decline his request to order the children to be delivered to him. We grant his alternatively sought remedy, which is for a new trial.

## Conclusion

We reverse the portion of the trial court's judgment terminating Father's parental rights to B.S., H.S., and H.W., and remand the case for a new trial to commence no later than 180 days after the mandate is issued by this Court. We leave undisturbed the other portions of the trial court's judgment affecting the parental rights of individuals who are not parties on appeal.

Lawrence M. Doss
Justice

7